IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HELEN DIANE KNAACK                                                     PLAINTIFF

vs.                                             Civil No. 2:11-cv-02144

MICHAEL J. ASTRUE                                           DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

      Helen Diane Knaack ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

      Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.**     **Background:**

      Plaintiff protectively filed an application for SSI benefits on October 16, 2008. (Tr. 10, 99-102).[1] Plaintiff alleged she was disabled due to COPD and sleep apnea. (Tr. 117). Plaintiff alleged an onset date of October 16, 2008. (Tr. 99, 117). This application was denied initially and again on reconsideration. (Tr. 51-52).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 63-65, 67-98). This hearing was held on April 23, 2010 in Fort Smith, Arkansas. (Tr. 27-50). Plaintiff was present and was represented by Corey Rush at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *Id.* On the date of this hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(c) (2008), and had completed the ninth grade in school. (Tr. 30-33).

On June 14, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 10-17). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activty ("SGA") since October 16, 2008, her application date. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the following severe impairments: chronic obstructive pulmonary disease (COPD), diabetes mellitus, sleep apnea, and obesity. (Tr. 12-13, Finding 2). The ALJ also determined Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listing impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 and No. 16 ("Listings"). (Tr. 14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-16, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of her subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant is an individual closely approaching advanced age with a limited education, who can occasionally lift/carry 20 pounds and frequently 10 pounds. She can sit for 6 hours and can stand/walk for 6 hours. She can frequently climb, balance, crawl,

>kneel, stoop, and crouch. She must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. She can do work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment required. Supervision is simple, direct, and concrete.

(Tr. 14-16, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW she could perform. (Tr. 16, Finding 5). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 16-17). The VE testified at the administrative hearing regarding this issue and provided responses to interrogatories on this issue. (Tr. 46-50, 180-182). Specifically, the VE testified that, given Plaintiff's vocational limitations, a hypothetical individual would be able to perform the requirements of representative occupations such as a production worker with 6,300 such jobs in Arkansas and 300,000 such jobs in the national economy; maid and housecleaner with 3,000 such jobs in Arkansas and 306,000 such jobs in the national economy; and meat cutter with 3,500 such jobs in Arkansas and 53,000 such jobs in the national economy. (Tr. 17). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined by the Act from October 16, 2008 through the date of his decision or through June 14, 2010. (Tr. 17, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review the ALJ's unfavorable decision. (Tr. 5-6). On June 15, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On August 8, 2011, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 5-6. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

4

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ erred in developing the record and in assessing her RFC.  ECF No. 5 at 8-11.  Specifically, Plaintiff focuses on the ALJ's consideration of her alleged narcolepsy.  *Id.*  In response, Defendant argues the ALJ properly developed the record and properly assessed her RFC.  ECF No. 6.  After reviewing Plaintiff's briefing and the opinion by the ALJ, this Court finds the ALJ did not fully consider Plaintiff's subjective complaints as required by *Polaski*.  Thus, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny,

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis. In his opinion, the ALJ focused entirely on Plaintiff's medical records in deciding to disregard her subjective complaints:

---

the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

> *. . .* In addition, the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision. *The undersigned finds the objective medical evidence of record does not support the claimant's allegations of disabling impairments and that the claimant's limitations are not indicative of a degree that would limit activities beyond the scope of the residual functional capacity as determined in this decision.*

(Tr. 14-15) (emphasis added). This ALJ's decision to disregard Plaintiff's subjective complaints based entirely upon her medical records was in error. *See Polaski,* 739 F.2d at 1322 (holding the ALJ cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Thus, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record and recommends that it be reversed and remanded.[3]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 14th day of June 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This Court recommends that this case be reversed and remanded only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints. This Order should not be interpreted as requiring Plaintiff be awarded disability benefits.